# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br><br>JENNIFER V-E- JOHNSON,<br><br>      Debtor.<br><br>JENNIFER V-E- JOHNSON,<br><br>      Movant,<br><br>v.<br><br>Cadles of Grassy Meadows, II, LLC,<br><br>      Respondent. | Case No. 10-12535-RGM<br>(Chapter 7) |

## MEMORANDUM OPINION

THIS CASE is before the court on the debtor's "Motion to Discharge Debt/Lien". The motion is essentially a contempt proceeding seeking relief against Cadles of Grassy Meadows, II, LLC for violating the discharge stay. Cadles obtained and docketed a judgment against the debtor prior to her filing her petition in this case, but has not caused it to reflect the debtor's discharge.

Cadles obtained a judgment against the debtor and docketed it in the Clerk's Office of the Circuit Court for Loudoun County, Virginia, before she filed her petition in bankruptcy. The docketing of a judgment in the clerk's office of a circuit court in Virginia creates a lien on all real property owned by the judgment debtor in that city or county. Va.Code (1950) §8.01-458; *Ryan v. Kanawha Val. Bank,* 71 F. 912 (4th Cir. 1895); *Hills v. Rixey*, 67 Va. (26 Gratt.) 72 (1875).

The discharge granted in this case discharged the debtor's personal liability on Cadles' judgment. Cadles may not take any action to enforce the judgment against her personally. 11 U.S.C.

§524(a). However, the discharge does not release any lien that arose before she filed her petition. *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 582-3, 55 S.Ct. 854, 860 (1935) ("unless the mortgagee released his security . . . a mortgage even of exempt property was not disturbed by bankruptcy proceedings") (decided under the Bankruptcy Act of 1898); *Dewsnup v. Timm,* 502 U.S. 410, 418, 112 S.Ct. 773, 778 (1992); *Johnson v. Home State Bank*, 501 U.S. 78, 83, 111 S.Ct. 2150, 2153 (1991) ("[A] bankruptcy discharge extinguishes only one mode of enforcing a claim – namely, an action against the debtor *in personam* – while leaving intact another – namely, an action against the debtor *in rem*."); *Farrey v. Sanderfoot,* 500 U.S. 291, 297, 111 S.Ct. 1825, 1829 (1991) ("Ordinarily, liens and other secured interests survive bankruptcy."); *Cen-Pen Corp. v. Hanson,* 58 F.3d  89, 92 (4th Cir. 1995).

A judgment creditor must take action to evidence the effect of a bankruptcy discharge on its judgment. An open judgment is a representation that there is an outstanding personal obligation due from the debtor to the creditor and that there is a lien on all real estate owned by the debtor, if any, in the city or county. It will be picked up in public records searches by credit bureaus and reported as an outstanding obligation when, in fact, the discharge "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under . . . this title." 11 U.S.C. §524(a). Without a notation on the judgment lien docket, the judgment inhibits the fresh start to which a debtor is entitled and pressures a debtor to pay it. Doing nothing is effectively an action to collect the debt as the personal liability of the debtor and violates 11 U.S.C. §524(a)(2).[1] The judgment creditor must take some action to

---

[1] A creditor who properly takes an act prior to the filing of a petition in bankruptcy to collect a debt – such as docketing a judgment – must stop the act upon the filing of the petition. "It is well established that even a technical stay
(continued...)

2

remedy this situation and should mark the judgment as "discharged in bankruptcy". *See* Va.Code (1950) §8.01-455. This notation gives a credit bureau or title examiner notice that the judgment has been discharged as the personal liability of the debtor but that it remains a lien on any real property within that jurisdiction to the extent that the lien existed when the petition was filed and was not avoided in the bankruptcy case.

Cadles proffered, and the debtor agrees, that she transferred real property in Loudoun County more than three years prior to filing of her petition. Cadles does not have sufficient information to determine whether this was an avoidable voluntary or fraudulent conveyance under Va.Code (1950) §55-80 or §55-81. Marking its judgment "discharged in bankruptcy" does not release any lien that attached to the property conveyed prior to the filing of the petition in this case. *Matney v. Combs,* 171 Va. 244, 198 S.E. 469 (1938); *Tucker v. Foster*, 154 Va. 182, 152 S.E. 376 (1930); *In re Johnston Memorial Hosp. v. Hess,* 44 B.R. 598 (Bankr.W.D.Va. 1984); *Bartl v. G. Weinberger & Co. (In re Claxton)*, 32 B.R. 215 (Bankr.E.D.Va. 1983). Cadles may pursue any right it possesses at state law to enforce any unavoided lien it held as of the date of the filing of the petition in

---

[1](...continued)
violation (one committed without knowledge of the stay) can become willful ... if the creditor fails to remedy the violation after receiving notice of the automatic stay." *Kline v. Tiedemann (In re Kline),* 424 B.R. 516, 524 (Bankr.D.N.M. 2010). A creditor who caused a state court to issue a civil bench warrant for the arrest of a debtor who, prepetition, failed to appear in state court to answer interrogatories must cause the bench warrant to be withdrawn when the debtor files bankruptcy. *Galmore v. Dykstra (In re Galmore),* 390 B.R. 901, 909–14 (Bankr.N.D.Ind. 2008). A creditor who issues a garnishment before a debtor files bankruptcy has the affirmative duty to promptly dismiss the garnishment upon filing of the bankruptcy petition. *In re Manuel,* 212 B.R. 517, 519 (Bankr.E.D.Va.1997); *Baum v. United Va. Bank (In re Baum),* 15 B.R. 538, 541 (Bankr.E.D.Va. 1981) (creditor has the "responsibility to stop the downhill snowballing of a continuing garnishment."); *In re Scroggin,* 364 B.R. 772, 779 (10th Cir.BAP 2007). A creditor who repossessed a debtor's car prepetition, but has not sold it before the debtor files bankruptcy, must release the car back to the debtor. *In re Brown,* 237 B.R. 316 (Bankr.E.D.Va. 1999); *In re Young,* 193 B.R. 620, 621 (Bankr.D.D.C. 1996) (seized vehicle must be returned upon debtor giving adequate assurance). A creditor who took a default judgment shortly after the filing of a petition in bankruptcy albeit without knowledge of the filing of the petition, violated the automatic stay by failing to vacate the default judgment once it became aware of the filing of the petition. *Keen v. Premium Asset Recovery Cor. (In re Keen),* 301 B.R. 749, 753 (Bankr.S.D.Fla. 2003) (failure to take action to undo an innocent violation of the automatic stay constitutes a willful violation of the stay).

bankruptcy. Specifically, a creditor "having unavoided liens on fraudulently conveyed property can pursue [its] state law remedies" as to the fraudulently conveyed property. *FDIC v. Davis,* 733 F.2d 1083, 1085 (4th Cir. 1984).

Cadle suggests that *Leasing Service Corporation v. Justice,* 243 Va. 441, 416 S.E.2d 439 (1992) alters this traditional method of evidencing a bankruptcy discharge in the judgment lien docket and that it is no longer available. A closer reading does not support that suggestion. *Leasing Service Corporation* is similar to this case. In both, there was a prepetition conveyance that might be an avoidable voluntary or fraudulent conveyance under state law. In *Leasing Service Corporation,* Justice asked the circuit court to order the **release** of the lien. He prevailed in the circuit court.

> Because [the circuit court] found that "LSC can cite no . . . real property owned nor recorded by Justice in Wise County, [other than the property that the trustee unsuccessfully claimed was fraudulently conveyed]," the circuit court held that "no judgment lien ever attached." Therefore, the circuit court sustained Justice's motion and "ordered the judgment **released**."

*Id.* 243 Va. at 443, 416 S.E.2d at 441 (emphasis added).

On appeal, the Supreme Court of Virginia reversed, holding that "the trial court could only have ordered the release of LSC's lien in a Code § 8.01-455 proceeding upon proof that it had been 'discharged in bankruptcy.'" *Id.* 243 Va. at 443, 416 S.E.2d at 440. It recognized that Justice's bankruptcy discharge "ultimately discharged [him] from personal liability upon LSC's judgment." *Id.* 243 Va. at 442, 416 S.E.2d at 440. It also recognized that "Justice's discharge in bankruptcy made LSC's lien ineffective as to any real property interests in Wise County that Justice acquired *after* the commencement of his bankruptcy proceedings, 11 U.S.C. §524(a)(3)(1978)." *Id.* Finally, it recognized that

> Justice's discharge in bankruptcy would not prevent LSC from a post-discharge enforcement of its lien upon his Wise County real property interests that were acquired *before* the commencement of the bankruptcy proceedings. . . . [T]he judgment continued to be a lien on any interest Justice may have had in land in that county despite his bankruptcy discharge from personal liability for payment of the judgment. . . . Otherwise stated, LSC's judgment *lien* was not "paid off or discharged" in Justice's bankruptcy proceedings. Accordingly, the trial court erred in ordering that the lien be release under the provisions of Code §8.01-455.

*Id.* 243 Va. at 443, 416 S.E.2d at 440-441.

Justice's argument stemmed from a misreading of Va.Code (1950) §8.01-455 which provides a remedy for judgment debtors in two very different circumstances. In three sentences, it states:

> A defendant in any judgment, his heirs or personal representatives, may, on motion, after ten days' notice thereof to the plaintiff in such judgment, or his assignee, or if he be dead, to his personal representative, or if he be a nonresident, to his attorney, if he have one, apply to the court in which the judgment was rendered, to have the same marked satisfied, and upon proof that the judgment has been paid off or discharged, such court shall order such satisfaction to be entered on the margin of the page in the book wherein such judgment was entered, and a certificate of such order to be made to the clerk of the court in which such judgment is required by § 8.01-446 to be docketed, and the clerk of such court shall immediately, upon the receipt of such certificate, enter the same in the proper column of the judgment docket opposite the place where such judgment is docketed. If the plaintiff be a nonresident and have no attorney of record residing in this Commonwealth, the notice may be published and posted as an order of publication is required to be published and posted under §§8.01-316 and 8.01-317. Upon a like motion and similar proceeding, the court may order to be marked "discharged in bankruptcy," any judgment which may be shown to have been so discharged.

Va.Code (1950) §8.01-455.

The first sentence addresses the general situation when a judgment debtor has paid the judgment in full. When a judgment is paid in full, the judgement debtor has satisfied his personal liability for the judgment and the lien on any real property in the county is satisfied. The judgment is properly ***released in full.*** There is nothing left to be done. The third sentence addresses the specific situation of when a judgment debtor does not pay the judgment in full, but is granted a

discharge in bankruptcy as to that debt. The judgment debtor's personal liability is discharged, but prepetition liens continue in full force and effect. In *Leasing Service Corporation,* Justice was trying to have his cake and eat it, too. He wanted his bankruptcy discharge to be treated as if it were a payment in full of his debt. He conflated the first and third sentences of §8.01-455, confusing having the judgment marked "satisfied" in the first sentence upon payment in full and having the judgment marked "discharge in bankruptcy" in the third sentence upon receiving a bankruptcy discharge. They are two distinct situations with different results.[2] The Supreme Court reversed the circuit court because it had "ordered the judgment released." *Id.* 243 Va. at 443, 416 S.E.2d at 440. Justice was only entitled to have the judgment marked "discharged in bankruptcy."

The Supreme Court also discussed the burden of proof. The judgment debtor has the burden of proof. Not all prepetition debts are discharged in bankruptcy. *See, e.g.,* 11 U.S.C. §523. A judgment debtor must prove that he obtained a bankruptcy discharge and that the particular debt was not exempted from the discharge. The burden of proof is on the debtor.

A creditor's responsibility to mark a docketed judgment as "discharged in bankruptcy" arises independently under both the Code of Virginia and the Bankruptcy Code. The Bankruptcy Code does not permit a judgment credit to stand idly by when he knows that his debt has been discharged.[3]

---

[2] The legislative history of Va.Code (1950) §8.01-455 shows the two situations and the parallel remedies. Before 1910, Va.Code (1887) §3564 contained only the predecessor to the first sentence of the current statute, Va.Code (1950) §8.01-455, which addresses releases for judgments paid in full. There was no permanent bankruptcy statute in the United States until the enactment of the Bankruptcy Act of 1898. In 1910, the General Assembly provided a remedy for debtors where a creditor did not note the discharge from personal liability of a bankrupt. Acts of Assembly of 1910, c. 334. The procedure was analogous to the existing procedure for the release of a paid judgment, but with a specific but different notation, "discharged in bankruptcy". The statute was incorporated into what is now Va.Code (1950) §8.01-455 as the current third sentence. The Code provision has remained substantially the same until today. Section 3564 of the Code of Virginia (1887) became Va.Code (1919) §6467; then Va.Code (1950) §8-383; and finally, the current statute, Va.Code (1950) §8.01-455.

[3] Cadles has taken no action even in light of the motion filed with this court.

*In re Williams-Nobles,* 459 B.R. 242 (Bankr.E.D.Va. 2011). To do so violates the discharge stay under 11 U.S.C. §524(a). The debtor is entitled to the public acknowledgment that her personal liability has been discharged; but she is not entitled to a release of the judgment and, therefore, the prepetition lien against any property that she may own or have owned in the county. The notation "discharged in bankruptcy" achieves these objectives.

## Conclusion

A creditor is enjoined by the Bankruptcy Code from taking any act to collect a discharged debt as the personal liability of the debtor. A judgment creditor must take appropriate action to mark a docketed judgment as "discharged in bankruptcy" when it becomes aware of the discharge. Failure to do so violates 11 U.S.C. §524(a)(2). The creditor will mark the judgment "discharged in bankruptcy" within 30 days after the entry of the order in this case.

Alexandria, Virginia
February 6, 2012

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:
Richard A. Lash

Copy mailed to:
Jennifer V-E Johnson
41921 Cinnabar Square
Stone Ridge, Virginia 20105

17285